'[*] Kirkpatrick, C. J.
— Sustained the challenge, and :gave it as his opinion, that he himself was rendered ineligible by the supplement to the act, (the better to promote the ¿impartial administration of justice) from sitting on the argument of the motion now depending, he having in the same cause, when under trial at the circuit, given an opinion on ¿matters in question there: that the words of the act were clear and decisive, and could not be got over; that we must take the law as we find it, and cannot depart from it. (a)
*145 Pennington, J.
— I look upon this question of the first importance as to the administration of justice in this State. If we sustain this challenge, we may as well shut up the State-house and go home. The most trifling question, in a cause, determined by the Court, disqualifies the whole Court from further proceeding in it: It will, therefore, be impossible ever to bring a cause to an end. If the Legislature have intentionally determined that it shall be so, the power of making laws being in them, it must be submitted to; it cannot, nor ought not to be departed from by the Court. I admit that the words of the act are broad enough to bear the construction given to them by the defendant; but I go upon what I conceive to be the design and intention of the Legislature. The law is obviously intended for the wisest and best purposes; that is, to keep clear and pure, the streams of justice, than which, nothing is more important to the security of property and personal rights. The act itself prohibits a Justice or Judge of a Court of Record, from sitting on the trial or argument of any cause, in case h.e hath been attorney on record, or counsel for either party in such cause, or hath given his opinion in such relations. In all probability, it was found that this provision did not remedy the whole mischief. Judges may have given their opinions in other capacities, as referees, arbitrators, auditors, masters in Chancery, Judges in other Courts, or extra-judicially in advice to the parties. Hence the supplement, intended, as I apprehend, to prevent Justices [*] or Judges, standing in such situation, from sitting to hear the cause. But that the Legislature intended, that in case a Justice or Judge of a Court of Record should have given an opinion on a question arising incidentally in a cause, that he should in such case, be immediately disqualified from afterwards sitting to try the cause, or hear any argument which may subsequently arise in the progress of the same cause, is what I cannot bring my mind to believe. I look upon a trial at the circuit, so far as it respects this question, the same as a trial at bar; the same as though the jury were in the box here. A cause at issue in this Court, is for the convenience of the jurors, witnesses, and parties, sent to the county, to be tried before one of the justices of this Court. The circuit in no way resembles a proceeding in another court; it is in fact, a branch of this. Suppose then, in a trial at bar, the court should be called upon to decide a question respecting the admission of testimony, can it be believed that the Ler gislature meant to say, that in such a case, the power of the Court was at an end? that the justices, by forming and delivering this opinion, had become disqualified from further *146 proceeding in the cause, that they could not sit to hear another argument on the admission of other testimony, or for a non-suit, a new trial, arrest of judgment, or even on rendering judgment itself? This is too preposterous to be entitled to the least consideration. If the Legislature had intended to have changed the long established practice in our courts of law, and broken up the whole system, they would have certainly substituted some other in its place; they would notin this side-way have shut up the courts of justice. If, however, it should be thought that we are bound down to the precise letter of the act, and that the opinion which I have here advanced, is error, and that of so gross a kind as to be •the cause of judicial animadversion on the justices falling into it, there is a reflection, even in this view of the subject, that will- afford to a mind'intent on the public good, a consolation that will countervail all [#] its evils; which is, that it is a thousand times better for the state, that the justices of this Court should be displaced, and lose their seats, than that the doors of justice should be closed for near a year; that the operation of law should be suspended, and right - denied. Under the present view which I have of the subject, I have no hesitation or reluctance in saying, that it is my opinion, that this challenge ought not to be sustained, but must be over-ruled.

 The difficulty in this case has been entirely removed, and the matter settled in conformity to the opinion of Judge Pennington, and to common sense, by the act of 24th of February, 1820, repealing and supplying the former act.' Rev. 688. — Ed.